Case 23-3863, Kenneth Robinson v. Postmaster General of the United States Argument not to exceed 15 minutes per side Mr. Phillips, you may proceed to the appellate Good afternoon, may it please the court And my opposing counsel for the Pelley, my name is David Phillips, I represent Kenneth Robinson And I would ask for three minutes of rebuttal please Fine Excuse me This case involves complex regulations that govern a federal employee's ability to sue his employer Here at the United States Post Office for Title VII actions, including Title VII actions Those regulations are at 29 CFR 1614, Part 1614 And I'll just try to refer to them as regulations unless there's a specific regulation or a question about a regulation Because we'll be immersed in numbers throughout the arguments These are two cases involved here Robinson 1, which started in 2014 factually, and Robinson 2, which is unique to February 28, 2018 Kenneth Robinson is an African American postal worker He's worked for the Postal Service for a number, many years, beyond previous to 2014 In both of these cases, because of these regulations, exhaustion is required for him to proceed with a claim And in particular exhaustion before the EEO It's a little bit different than typical Title VII cases A lot different in terms of the regulations and the timing The employee is also permitted to then seek appeal and reconsideration of the decision against, if there's a decision against him, administratively These regulations are not meant to be a hurdle or burden in an administrative process In fact, when an issue is raised of a claim of discrimination, they're supposed to be investigated fully In this case, based on the district court's decision and the employer's arguments, Mr. Kenneth Robinson fell into a trap This trap from these regulations is the issue before this court now Interestingly enough, there is a regulation that if it was used in Robinson 2, before Robinson 2 got to federal court, it could have avoided this whole trap Well, he could have just waited, and if the EEO had done nothing by 180 days, he could have moved forward with filing suit then Or amending his complaint since he, on 170 days, brought his action, right? It's very confusing there, Your Honor The issue is, he also has the right to appeal or seek reconsideration That's his opportunity in the EEO, and that's often done But after 180 days, he's allowed to bring suit, right? So that's effectively the same as getting a right to sue letter It is Okay, so after 180 days, why are you going to appeal a decision effectively in your favor? The appeal wasn't in his favor, I mean, it wasn't in his favor Yeah, 180 days, they don't decide, correct?  That means he can sue He can, you're right, that's correct, Your Honor That's what Judge Davis asked you Right So he could have brought suit 10 days after he filed his complaint, correct? In Robinson 2, it would have been 180 days, about 10 days after Robinson 1 was filed You had 21 days to file as a matter of right I'm sorry, amend as a matter of right I believe, under Robinson 1, you're correct, Your Honor, that is correct But he didn't I understand, but doesn't our I'm sorry to interrupt you, doesn't our published case law then preclude you from bringing the claim?  You could have amended as a matter of right and didn't? No, and the reason why is these claims did not have the same nucleus of events They didn't come out of the same transaction, that's why These claims were never considered by Mr. Robinson That's a different question I know Okay I understand that, but I think they dovetail, sorry Why do they dovetail? Our case law specifically says if you could have amended and brought the claim, then it's precluded Because it wasn't, because Robinson Once Mr. Robinson sought appeal in Robinson 2, in the EEO process He then has to wait a certain amount of time under the regulations to, in the appeal process He can't just immediately go to federal court He has to go through that appeal process So, no, in Robinson 1, he couldn't have just automatically appealed Especially if he thought it was a different case A completely different matter And he was exhausting that matter in Robinson 2 before the EEO If he thought it was a different matter, why did he list it in his spreadsheet? He listed it in his spreadsheet, thank you He listed it in his spreadsheet because, over-objection But he listed it in his spreadsheet because the question was broad It was broad, and it happened It happened after everything was done in Robinson 1 You mentioned he had a general objection, which isn't You're talking about the discovery objection?  His objection was a general objection, which means nothing Okay By law I, well So he provided it, and I thought he vouched for it I thought he explained, if I remember correctly That this is the basis of my claim In Robinson 1? Yeah No, he didn't say that that was the basis of his claim He was asked, I believe in his deposition Would you believe this is discriminatory and retaliatory? Yes, I do And I've been discriminated against And retaliated, I'm sorry Discriminated against and retaliated against If you look at Repeatedly R15-5, page ID 1033 You stated that you were denied advancement for at least 49 positions since 2014 As advanced in the spreadsheet And that included the Pittsburgh position It did It did, your honor Okay, all right Weren't you using then the Pittsburgh position As an example of how you were denied Further promotions in retaliation For your having filed the original EEOC complaint in 2014? Well, that's an interesting question, your honor Because you're talking then about an instance where Retaliation would always If you mention All future retaliation would be almost precluded From bringing another claim Well, but the real question in res judicata Claim preclusion What should be considered to be the same claim? That's when you And when your complaint and your responses In Robinson 1 say I filed a discrimination claim And ever since then Including up until today I have been denied promotions I've been denied 49 promotions, you say So why wouldn't one of those specific 49 Which is the Pittsburgh position Why wouldn't that be encompassed within The claim that is the nucleus of Robinson 1? I think all your honors are hitting on the retaliation aspects here That is Robinson 1 is the protected activity For the retaliation claim in Robinson 2 Now, I can address that in terms of Same nucleus of events, same transaction Not the common nucleus of events In terms of actors, timing, everything else But Ernest Hadley, what I quote him Straight quote in my brief Sorry to interrupt you I don't think you've answered Judge Moore's question I think he was trying I'm going to right now You're still going? Let him finish his answer to my question It was a belabored intro Ernest Hadley states I'm going to read it Because I think it perfectly answers your question Note, however, the doctrines of res judicata Res judicata and collateral estoppel Would not prevent a complainant From duplicating evidence of a prior EEO activity To support a claim of retaliation Even if the prior complaints have been settled or litigated In such a case, the act of filing a previous complaint Has independent legal significance And the complainant is not attempting To re-litigate the matters of their earlier complaint Meaning Mr. Robinson would have to exhaust His administrative remedies In Robinson 2 And unlike the case of Paulette v. DeJoy Which the district court relied on Saying Robinson 2 reasonably flowed From Robinson 1 No, that case is very distinguishable This is how it reasonably flows I think this can answer Judge Moore, I think this answers your question In Paulette, this is a district court case Decided in March of 2023, by the way But in that case The employee did not Name the termination In her EEO complaint So the same federal employer Moved to dismiss under 12b-6 Because the employee didn't exhaust her remedies Exactly the opposite here Exactly the opposite argument That reasonably flowed From her EEO complaint Because she was terminated At the point of filing the federal court action So there was a direct connection Here, there is not such a direct connection There is not the same nucleus of events The claims in Robinson 1 Is that he was linked by race To a corrupt African-American manager In the Cleveland VMF The operations manager, James Oblock Created an idea That they should change the culture Which was taken by the African-American employees To be the racial culture Because there were a number of African-American managers Mr. Robinson testified For one of his coworkers An African-American manager On this issue And there was a disparate investigation By OIG investigator, Donald Cancerita All those facts Were not part of Robinson 2 Robinson 2 dealt with An issue in February 28, 2018 Mr. Robinson's EEO action Was dismissed on the merits On February 5, 2018 He then appealed Robinson 1 And sought reconsideration of the EEO process In other words, they are not the same nucleus of events If I could sum up really briefly Could he have amended the complaint In Robinson 1 Specifically to include The Pittsburgh promotion denial Well, the time of the EEO To sum up, to answer your question Judge Moore By the time that the EEO process was done in Robinson 2 It was more than a year Much more than a year after the time to amend Discovery was done in Robinson 1 Motion for summary judgment was approaching Within under two weeks And the employer filed for motion for summary judgment That motion for summary judgment that they filed Did not even include any of the facts of Robinson 2 So the question is, possibly But it would have been a strong gamble A gamble that under the regulations He couldn't take And that's the trap That is the trap that he fell into Those regulations should not be a trap And that's the issue before this court Thank you Do I still have rebuttal time? Yes, you still have your rebuttal time I have one issue I never got to We'll rely on your briefs for that Thank you Good afternoon May it please the court Sarah D. Carroll on behalf of the Postal Service The District Court correctly determined That Robinson's claims in Robinson 2 Were barred by claim preclusion The claim preclusion defense applies whether The Robinson 2 claims were for retaliation Or for a discreet act And I think Your Honor's questions to my colleague Highlight the issue He filed Robinson 1 in March of 2019 The Pittsburgh position was denied to him in February of 2018 He filed his EEO claim via the regulations And 180 days passed 10 days after the Robinson 1 complaint was filed Six months before the Postal Service was even served With the Robinson 1 complaint The claim was ripe to be brought in Robinson 1 The idea that these claims do not arise From the same nucleus of facts Is something that I can't understand We're talking about all of the same people We're talking about the same employer Well suppose somebody applies for a series of jobs Do they have to raise all of them in the first case? Or can they not bring a series of cases Each one saying I should have gotten the Pittsburgh job I should have gotten the Detroit job I should have gotten the New York job He can But if they have a common nucleus of facts He's got to bring it in the first lawsuit So if it's new So hypothetically there are two different possibilities One is that in Pittsburgh he's denied the job Because there's somebody who makes some blatant comments That are totally discriminatory And in the New York hypo It's a different person who makes different scurrilous comments And they're a year apart Can he file two separate actions And let each one go down a parallel track? At the federal court? In federal court It would depend on again what the facts were In this case the facts overlapped So yes he did have to bring them both in So is the fatal flaw here that In the discovery responses in the deposition He specifically mentions the Pittsburgh position In Robinson 1 Is that really where the fatal flaw is here? And then Robinson 1 is dismissed with prejudice Correct So the fatal flaw was paragraph 27 of the Robinson 1 complaint Where he states as a continuing course of conduct Based on race discrimination I have been denied more than 30 promotions Beginning in 2014 to the present time The present time was the date of filing Which is March 23rd, 2019 And that is after the denial of the Pittsburgh job? More than a year So then the logic of the complaint in Robinson 1 Is that it encompasses 30 events Because the complaint itself in Robinson 1 Mentions 30 events And then we see in the discovery response That one of these 30 events is indeed the Pittsburgh job Correct And the Pittsburgh job preceded the filing of Robinson 1 That's correct your honor And in discovery when I asked Tell me what those 30 positions that you refer to In your complaint are This wasn't a broad question This was tell me what your claims are And his response included the Pittsburgh position So he had this general disclaimer That he didn't want to be bound by that kind of information He didn't think the discovery was appropriate Or you can tell me what exactly his general disclaimer was But that's not enough you're saying Sure, at the beginning of discovery responses We all put in our general objections His general objection was to the relevance But if I'm asking you a specific question Tell me what claims you are linking to Paragraph 27 of the complaint Your relevancy argument does not apply there If I'm saying to you You didn't tell me in the complaint So tell me now What claims you have brought before this court And you give me a spreadsheet Delineating 50 positions Even some after the Pittsburgh position And you provide that to me I'm entitled to rely on that As the claims that you brought before the court Because that is what you have represented to me And that's how we moved forward into the deposition And when asked during his deposition There was no objection during the deposition There was no hey by the way We also are proceeding administratively on this claim So I was not in a position to know That it was being still litigated administratively And we moved forward on the basis That that claim was included The case was settled And we came to a negotiated settlement We send over a draft settlement agreement And that's when we then learned That he does not believe That the Pittsburgh position is included And you, did you ever object That the Pittsburgh position claim Had not been administratively exhausted We did not your honor So is that in essence then a waiver Of the requirement of exhaustion By the postal service In this particular case We were not making the untimely The failure to exhaust argument In this case And he did exhaust it right It might not have been timely But he exhausted it He exhausted As I said in the regulations After 180 days It does become right To file in district court Correct And was there ever any Administrative adjudication of that claim After the 180 days It just There was I believe that there was The pandemic interceded And so My understanding is in August Of 2021 He received a right to sue letter But I think if you look at the regulations 1614.409 It does indicate that Any commission decision Entered after A matter has been brought in district court Is a nullity And he had a right to sue After 180 days So he didn't need the right to sue letter That's correct He did not need the right to sue letter And this court has  The very same 180 day Claim being Right for filing in Haliger versus State University And community college system Of Tennessee And in his discovery answer Which as he noted He had a general objection Which of course as we all know Is a nullity at this point He did He says What do you make of the racial Disparate treatment continued Because plaintiff was denied advancement For at least 49 positions Since 2014 As attached here to In the spreadsheet You're saying that's the answer To your question about The specific paragraph Paragraph 27 of the Robinson 1 complaint That's correct My question was Tell me what those 30 positions are But then So you say tell me what the 30 positions are Then he says there's 49 I believe that it says at least At least Okay it says at least 49 And just so we're clear That the general objection That was made was To the extent that The information that you seek Is not relevant I object Was it something along those lines? That's correct Okay So it's Not just general It's a boilerplate objection Right at the beginning of the interrogatory Responses We all did it You put down Your 30 general objections There was no specific objection Listed In response to that question Other than it calls for a narrative Correct Which Which we got In the Excel spreadsheet I also Just wanted to quickly Address The Waiver of race Judicata And Claim preclusion Is my preferred term First The Appellant waived That argument He did not raise it Below But he also Has not cited Any case law For the proposition That the Postal Service Could Somehow Waive Race Judicata Claim preclusion Defense In District court By simply Not Dismissing a case At the administrative level He cited no case law For that proposition And in fact It is The Postal Service position That this court In Raub Versus Moon Lake Properties Held exactly the opposite Of that It This court has said That race Judicata Does not Become Effective Until the Preclusive Lawsuit Has been Finalized That was Robinson 1 That became Final In December Of 2021 That was Long After Discovery That was Long After We thought The case Was settled So That's when We learned That we Did have The defense And we Used it As soon as Robinson 2 Was filed And that we Were served With Robinson 2 So if the Court has No further Questions The Postal Service Would request That you Affirm the Dismissal Of Mr. Robinson's Claims in Robinson 2 Thank you Thank you Mr.   Honours I Thought I Would Have been Shut out If I Talked About the Waiver Issue It Was Brought Up I Think It Was Proper For Or Me Um We Cited Lord Versus Holder Which Is a Sixth Circuit Opinion From 2014 That Speaks About A Motion Under 12B6 Would Be Deemed To   And I  Without Having The Case In Front Of Me And Not Be  Declaration   That  The Exhaustion Regulations In Other Words If A Federal Employer Does Not In This Agency Does Not Effectuate This Mechanism Then It May Be Declared In    If A Federal Employer Does            Words If     The Ability To Dismiss A  Before The Agency On Its Merits And Interestingly Enough That Was Done Here In Wabuson 2 But Further The Issue Of The Nucleus Of  Was Argued In The Court Below And The Dismissal That Should Have Happened And Avoided This Whole Thing Under 107 A 3 Is For The Same Nucleus Of Events And They Aren't For A  Of  Because What I Said Before In Terms Of The Different Actors The  Timing The  Facts The Different A  The Dismissal Under 12B6 And   Below To Avoid To Make It So That Federal Employees Are Not Don't Fall Into This  In The Future Thank You So Much Thank You Both For Your Argument And The Case Will Be Submitted And The Clerk May Adjourn The